IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**December 23, 2024**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MARK O'DELL,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-277**          (JCN: 2023015441)

**NICHOLAS COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Mark O'Dell appeals the June 4, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Nicholas County Board of Education ("NCBOE") filed a timely response.[1] Mr. O'Dell did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which found that Mr. O'Dell had no permanent partial disability ("PPD") related to noise induced hearing loss.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. O'Dell filed an Employees' and Physicians' Report of Occupational Hearing Loss dated November 30, 2022, indicating that he was exposed to loud noise while working as a carpentry teacher, school bus operator, building contractor, and carpenter. Section II of the claim application contained an audiogram completed by Robert Marsh, M.D., on October 17, 2022, revealing four-frequency air totals of 145 decibels in the right ear and 125 decibels in the left ear. Speech discrimination was 88% in both ears. A physician's report completed by Christopher White, M.D., on November 30, 2022, found Mr. O'Dell to have bilateral sensorineural hearing loss directly attributable to industrial noise exposure. Dr. White found Mr. O'Dell to have 4.03% whole person impairment ("WPI") based upon the four-frequency air totals contained in the audiogram of October 17, 2022, and an additional 1% WPI based upon the audiogram's speech discrimination scores. Dr. White recommended a total of 5.03% WPI for Mr. O'Dell's occupational hearing loss. On

---

[1] Mr. O'Dell is represented by Reginald D. Henry, III, Esq., and Lori J. Withrow, Esq. NCBOE is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

February 21, 2023, the claim administrator issued an order holding the claim compensable on a non-medical basis for occupational hearing loss.

On March 28, 2023, Mr. O'Dell underwent a second audiogram performed by David Phillips, M.D. Mr. O'Dell complained of diminished hearing for approximately three years and a ringing type of tinnitus. Mr. O'Dell reported occupational noise exposure while working as a high school carpentry instructor, school bus operator, contractor, and carpenter in various construction jobs. Mr. O'Dell further reported a 25-year history of non-occupational noise exposure in the form of hunting; he estimated that he hunted about five days a year on average, and he reported the use of a home workshop, a motorcycle, and gas-powered lawn and garden equipment. The audiogram reveled a bilateral normal sloping to severe high-frequency hearing loss that peaked in the range of 4000 hertz and recovered. Speech discrimination was at 88% in the right ear and 92% in the left ear. Four-frequency air totals were 110 decibels bilaterally.

When comparing the March 28, 2023, audiogram to the prior audiogram from October 17, 2022, Dr. Phillips noted that the two audiograms were not within the range of test-retest reliability for the right ear. Dr. Phillips noted that Mr. O'Dell had an occupational history of sufficient duration and intensity to contribute to occupational noise induced hearing loss, and the overall configuration of his audiograms was consistent with noise induced hearing loss. Dr. Phillips opined that the four-frequency air totals from the March 28, 2023, audiogram equated to 0% WPI using the West Virginia Workers' Compensation scale. Dr. Phillips agreed with Dr. White's methodology and calculation, however, he noted that a significant discrepancy existed between the two audiograms regarding the right ear. In light of this discrepancy, Dr. Phillips opined that Mr. O'Dell might require a third audiogram to establish consistency.

On September 26, 2023, Mr. O'Dell underwent a third audiogram, performed by Dr. Phillips. Dr. Phillips noted that the September 26, 2023, audiogram showed four-frequency air totals of 110 decibels in the right ear and 100 decibels in the left ear. Speech discrimination was at 92% in both ears. He noted that the audiograms of September 26, 2023, and March 28, 2023, were in close agreement with one another, while the audiogram of October 17, 2022, was the clear outlier of the group. Thus, Dr. Phillips opined that Mr. O'Dell has 0% WPI related to occupational hearing loss.

On October 5, 2023, Mr. O'Dell was evaluated by Joseph Touma, M.D. Mr. O'Dell presented to Dr. Touma with a long-standing history of hearing loss and tinnitus. Mr. O'Dell reported multiple sources of work-related noise exposure including working as a carpentry teacher since 2014; working as a building contractor from 1992 to 2003; working in construction and carpentry from 1985 to 1990; and working as a school bus operator from 2003 to 2014. Mr. O'Dell reported exposure to heavy percussion, including nail guns, hammering, and saws. Mr. O'Dell also reported a history of hunting. Dr. Touma noted that an audiogram performed on October 5, 2023, revealed four-frequency air totals of 165

2

decibels in the right ear and 120 decibels in the left ear. Speech discrimination was at 92% in both ears. Based upon the four-frequency air totals from the October 5, 2023, audiogram and the West Virginia guidelines, Dr. Touma opined that Mr. O'Dell had 3.75% WPI related to occupational hearing loss, that the hearing loss was symmetric, and that no further adjustments were needed.

On June 4, 2024, the Board affirmed the claim administrator's order, which found that Mr. O'Dell had no PPD related to noise induced hearing loss. The Board found that the weight of the evidence establishes that Mr. O'Dell has no ratable WPI for occupational hearing loss. Mr. O'Dell now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. O'Dell argues that two out of the three evaluators found that he has more than 0% impairment due to occupational hearing loss. Mr. O'Dell further argues that all of the evaluators agreed that his occupation contributed to his hearing loss, and that there was actual hearing loss. Finally, Mr. O'Dell argues that it is clear from the medical evidence of record that the testing fluctuates, as seen even in Dr. Phillips' two reports, and further that Dr. Phillips stated he agreed with Dr. White's methodology.

Under West Virginia Code of State Rules § 85-20-47.3 (2006) only audiograms that are within acceptable test-retest variability are to be used in determining hearing loss impairment, and acceptable test-retest variability occurs when the four-frequency totals of two audiograms are within 15 decibels of one another.

Here, the Board found that the only two audiograms that are within acceptable test-retest variability are the audiograms relied upon by Dr. Phillips, finding that Mr. O'Dell has 0% impairment. The Board noted that the audiograms relied on by Drs. White and Touma both exceeded the right ear four-frequency totals of every other audiogram of record by more than 15 decibels. Thus, the Board found that the weight of the evidence establishes that Mr. O'Dell has no ratable WPI for occupational hearing loss.

Upon review, we cannot conclude that the Board was clearly wrong in finding that Mr. O'Dell failed to establish that he has ratable WPI related to occupational hearing loss. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order finding that Mr. O'Dell has no impairment related to occupational hearing loss. Further we conclude that the Board was not clearly wrong in determining that the reports of Drs. White and Touma were not within acceptable test-retest variability and, thus, not relying on those reports.

Accordingly, we affirm the Board's June 4, 2024, order.

Affirmed.

**ISSUED:** December 23, 2024

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear

Chief Judge Thomas E. Scarr, not participating

4